675 N.W.2d 36 (2004)
469 Mich. 913
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Kathie Michele FETT, Defendant-Appellee.
Docket No. 124142, COA No. 238781.
Supreme Court of Michigan.
February 27, 2004.
On order of the Court, the motion for reconsideration of this Court's order of October 2, 2003 is considered, and it is DENIED, because it does not appear that the order was entered erroneously.
MARKMAN, J., concurs and states as follows:
Because I agree that this Court's October 2, 2003 order vacating the June 10, 2003 opinion of the Court of Appeals and remanding this matter to the Court of Appeals for consideration of defendant's remaining claims was not entered erroneously, I concur with this Court's decision to deny defendant's motion for reconsideration.
Neither the state nor the federal constitution guarantees a defendant the absolute right to choose his own attorney; rather, they guarantee a defendant the right to the effective assistance of counsel. See Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)("while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers"). In this case, in which the trial court denied defendant her choice of out-of-state counsel and defendant proceeded to trial and was convicted, defendant has not alleged that her retained local counsel provided her with ineffective assistance, or that an out-of-state counsel was otherwise necessary. Const. 1963, art. 1, § 20; U.S. Const., Am. VI. Therefore, the Court of Appeals erred in vacating defendant's conviction and sentence.
MARILYN J. KELLY, J., dissents and states as follows:
The constitutional right to the effective assistance of counsel is intended to ensure fairness in the adversarial criminal process. United States v. Morrison, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). The United States Supreme Court has held that, in the interest of preserving the integrity of the judicial system, a court may curtail a defendant's right to counsel of his own choosing. Wheat v. U.S., 486 U.S. 153, 159-160, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). However, it has never ruled that a court may do so absent a compelling reason.
The right to counsel is fundamental. People v. Pubrat, 451 Mich. 589, 593, 548 N.W.2d 595 (1996). A presumption exists in favor of petitioner's counsel of choice. Wheat at 164, 108 S.Ct. 1692. When, to further a compelling interest, a court infringes a fundamental right it must employ narrowly tailored means. See Socialist Workers Party v. Secretary of State, 412 Mich. 571, 590, 317 N.W.2d 1 (1982).
The trial court did not meet this standard in this case. It simply refused defendant's motion to admit a member in good standing of the Ohio bar pro hac vice. It indicated no compelling interest that explained the refusal, unlike the court in Wheat. There, the "institutional interest in the rendition of just verdicts," Wheat at 160, 108 S.Ct. 1692 would have been compromised *37 if the defendant had been allowed to proceed with counsel who was already representing two codefendants. The testimony anticipated from the defendants in Wheat created an irreconcilable conflict of interest among the defendants. No conflict or other institutional interest was at stake here.
As a consequence, I believe that the trial court abused its discretion. On reconsideration, I would affirm the decision of the Court of Appeals and remand the case to the trial court for a new trial with defendant's counsel of choice.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.